UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LADERICK JOHNSON** | **CIVIL ACTION NO. 5:16-CV-1294** |
|     LA. DOC #619597/115916/466190 | |
| VS. | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **JEFF LANDRY** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Laderick Johnson, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 12, 2016. Petitioner attacks his 2014 conviction for Armed Robbery and the fifteen (15) year sentence imposed thereon by the First Judicial District Court, Caddo Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that her petition for habeas corpus be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state-court remedies prior to filing his suit.

*Statement of the Case*

On October 21, 2014, petitioner was convicted by a jury of one count of armed robbery and, on December 1, 2014, was sentenced to serve fifteen (15) years. [Doc. 1, p. 1] His counsel filed a motion to reconsider sentence while petitioner filed two pro se motions: (1) motion for appeal; and (2) application for post-conviction relief. *See State v. Johnson*, 50,234 (La. App. 2 Cir. 11/18/15),182 So.2d 1039, 1045. The trial court denied all.

On February 13, 2015, Petitioner appealed his conviction to the Second Circuit Court of Appeal, Docket No. 319977, filing a counseled brief, raising the following grounds: (1) Trial Court denied oral motion of right to self representation; (2) Trial Court denied motion to suppress identification procedure; (3) excessive sentence; and (4) failure to rule on motion for new trial before closing the case. His appeal was denied on November 18, 2015. *Id.* On an unknown date, he filed an appeal in the Louisiana Supreme Court, Docket No. 2015-KO-2242, which was denied on March 24, 2016. *Id.* According to Petitioner, he did file a petition for certiorari in the United States Supreme Court. *Id.* at p. 3. However, he notes that the docket number and date of that Court's denial is identical to that of his appeal filed in the *Louisiana* Supreme Court. *Id.* Accordingly, this Court will presume that he did not appeal to the United States Supreme Court and therefore, the judgment became final on June 6, 2016.

As noted about, petitioner filed a pro se application for post-conviction relief contemporaneously with his direct appeal, which raised a claim of ineffective assistance of counsel in the trial court. Specifically, petitioner alleged that counsel withheld favorable evidence from him despite his requests to view same, that he only visited him two times during the ten months in which he was incarcerated prior to trial, that he threatened him with bodily harm when he refused to change into civilian clothing prior to his October 20, 2014, trial date, that during voir dire, he failed to strike the jury foreperson, petitioner's high school math teacher, that he ignored his requests for counsel to cross-examine two witnesses during trial and that he twice called petitioner an "idiot" during closing arguments. *Id.* at 1056-57. The Second Circuit addressed this application in its denial of Petitioner's direct appeal, holding

> In this case, Johnson's claims of ineffective assistance are more

> properly raised in an application for post-conviction relief in the trial court. The nature of his specific ineffective assistance claims cannot be resolved on this record, and would likely require an evidentiary hearing under Art. 930. *State v. Ellis, supra.* Inasmuch as Johnson timely appealed his conviction and sentence with this court, but also filed an application for PCR on January 13, 2015, the latter was premature. After the judgment appealed in this case becomes final, Johnson is free to file an application for PCR with the trial court, even though the trial court denied his January 2015 petition on March 19, 2015. Johnson will not be prejudiced under La. C. Cr. P. art. 930.4 as his first application was filed prematurely.

*Id.* at p. 1057.

Petitioner filed the instant petition on September 12, 2016, on the following grounds: (1) ineffective assistance of trial counsel who failed to have his former high school teacher removed from the jury pool; (2) trial court erred in denying petitioner's motion to suppress identification evidence; (3) excessive sentence; and (4) trial court erred by closing the case before ruling on defendant's pro se motion for new trial. [Rec. Doc. 1]

On November 29, 2016, this Court ordered petitioner to amend his petition to state whether he wished to dismiss the unexhausted claim of ineffective assistance of counsel and proceed with those claims that were properly exhausted, or whether he wished to dismiss the entire petition, return to the Louisiana courts to exhaust his post-conviction remedies with respect to that claim. [Rec. Doc. 2, p.5]

On December 28, 2016, petitioner filed a memorandum. [Rec. Doc. 3] However, he did not state his intention to either dismiss the unexhausted claim or dismiss the entire petition. Rather, citing *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), he asked this Court to find that he had good cause for failing to exhaust the ineffective assistance of counsel claim and seemed to request that the Court either stay the matter pending exhaustion or allow him to proceed

without exhausting his post-conviction remedies.[1]

### *Law and Analysis*

As petitioner is aware, before seeking federal *habeas corpus* relief, state prisoners must first exhaust available state court remedies, by fairly presenting their federal Constitutional claims to the state's courts thereby giving those courts an opportunity to pass upon and correct any Constitutional violations. 28 U.S.C. § 2254(b)(1). The prisoner must fairly present all of his claims in each appropriate state court, including the state supreme court with the power of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). *Habeas* petitions presenting unexhausted claims must ordinarily be dismissed, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); however, under certain limited circumstances, petitions raising unexhausted claims may be stayed so that the petitioner can return to state court to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Federal courts may raise *sua sponte* the lack of exhaustion. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998). See also *Tigner v. Cockrell*, 264 F.3d 521 (5th Cir.2001), *cert. denied*, 534 U.S. 1164, 122 S.Ct. 1177, 152 L.Ed.2d 120 (2002); *Shute v. Texas*, 117 F.3d 233 (5th Cir.1997).

Petitioner has presented this Court with a "mixed petition," which includes both exhausted and unexhuasted claims, and it is subject to dismissal for that reason. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (*citing Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)). The record discloses no good cause for Johnson's failure to properly and fully exhaust his claims in the

---

[1] Petitioner concludes his Amended Complaint asking the Court to "grant him relief and allow petitioner to return home and raise his two kids." However, as he did not choose one of the two viable options presented by this Court, whether he intended to request a stay, or to proceed without exhausting, is of no moment.

state courts. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). As discussed above, the Second Circuit, in affirming his conviction and sentence on direct appeal, specifically addressed his claims made via his premature application for post-conviction relief, and instructed petitioner on the proper method of bringing those before the Court: "After the judgment appealed in this case becomes final, Johnson is free to file an application for PCR with the trial court, even though the trial court denied his January 2015 petition on March 19, 2015. Johnson will not be prejudiced under La. C. Cr. P. art. 930.4 as his first application was filed prematurely."

Petitioner does not necessarily "run the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims... " (Rhines at 275, 125 S.Ct. 1528). Given that it appears that the federal one-year limitation period for seeking federal habeas corpus relief set forth at 28 U.S.C. §2244(d) has not expired, it does not **appear that staying and holding the instant petition in abeyance would be procedurally proper as petitioner may simply dismiss the instant petition without prejudice, and re-file same immediately after he fully exhausts all claims he wishes to present to this court.** *See Phillips v. Cain*, **2009 WL 580233, \*2 (W.D. La. 2009)**(*citing Reyer v. King*, **2008 WL 625096, \*3 (S.D. Miss. 2008) (dismissing a petition for failure to exhaust noting that the "limited circumstances" justifying stay and abeyance were not present because the petitioner "has ample time to return to state court, exhaust his claim, and file a habeas petition before the limitations period for the ... claim expires.").**

**Accordingly, this mixed petition should be dismissed without prejudice to allow Johnson to exhaust available state court remedies on his claim of ineffective assistance of counsel.**

*Conclusion and Recommendation*

5

Therefore, for all of the foregoing reasons,

**IT IS RECOMMENDED THAT** the instant Petition for Writ of *Habeas Corpus* be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, January 27, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE